UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN EUGENE YARTZ,<br><br>Plaintiff,<br><br>v.<br><br>COALINGA STATE HOSPITAL, et al.,<br><br>Defendants. | Case No. 1:17-cv-01305-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION AND REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A § 1983 CIVIL RIGHTS COMPLAINT FORM AND TWO CHANGE OF ADDRESS FORMS<br><br>(ECF NOS.1 & 9) |

Norman Yartz ("Plaintiff") is currently confined in Fresno County Jail,[1] and is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 11, 2017, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 9).[2] Plaintiff also asks for a § 1983 civil rights complaint form and "a couple" of change of address forms.

Plaintiff asks for appointment of counsel because he has been unable to retain counsel and because he needs counsel to obtain evidence.

---

[1] It is unclear whether Plaintiff is a prisoner, a pretrial detainee, or a civil detainee.
[2] Plaintiff also requested appointment of counsel in his original complaint. (ECF No. 1, p. 5).

1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds,</u> 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his claims (the complaint is awaiting screening). Moreover, while there are some issues, based on the complaint it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel and his request for counsel in his original complaint are DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form and two change of address forms.

IT IS SO ORDERED.

Dated: **December 13, 2017**                     /s/ Eric P. Groj
                                                  UNITED STATES MAGISTRATE JUDGE