UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN EUGENE YARTZ,<br><br>Plaintiff,<br><br>v.<br><br>COALINGA STATE HOSPITAL, et al.,<br><br>Defendants. | Case No. 1:17-cv-01305-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS |

  Norman Yartz ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. It is unclear if Plaintiff is a pretrial detainee or a civil detainee.

  Plaintiff filed the Complaint commencing this action on October 2, 2017. (ECF No. 1). Plaintiff filed his First Amended Complaint on December 22, 2017. (ECF No. 11). The Court screened Plaintiff's First Amended Complaint on January 26, 2018. (ECF No. 12). Plaintiff filed a Second Amended Complaint on April 9, 2018, (ECF No. 15), which is before this Court for screening.

  The Court has screened Plaintiff's Second Amended Complaint and recommends dismissing it for failure to state a claim, for the reasons described below. Given that this is Plaintiff's Second Amended Complaint, and that Plaintiff's allegations do not appear to state a claim under the relevant legal standards, the Court recommends not granting further leave to

amend.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

\\\

## II. PRIOR COMPLAINT AND SCREENING

Plaintiff's First Amended Complaint alleged that defendants slandered, libeled, defamed and falsely imprisoned him. They also failed to mirandize him, and falsely used his chart at Coalinga State Hospital, saying that he raped and sodomized his daughter and a neighbor girl in 1983.

The Court issued a screening order evaluating Plaintiff's potential claims and providing relevant legal standards. The Court explained how Rule 8 of the Federal Rules of Civil Procedure requires a short and plain statement of the claim(s) showing that the pleader is entitled to relief. The Court explained that Plaintiff's First Amended Complaint did not say what each person did in a clear way. The Court stated, "If Plaintiff chooses to amend his complaint, he needs to include a short and plain statement—what each person did, such as what he or she said or wrote or did to Plaintiff. Then Plaintiff should try to explain why he believes that action, or lack of action, violated Plaintiff's constitutional rights." (ECF No. 12, at p. 4).

The Court also explained that, under Heck v. Humphrey, 512 U.S. 477, 487 (1994), Plaintiff cannot use a section 1983 proceeding to challenge an underlying criminal conviction. The Court also explained the legal standards for the various state causes of action Plaintiff had alleged.

## III. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's factual allegations are difficult to decipher. It appears that Plaintiff alleges that defendants Luke Kull and James Peterson were Psy tec. (possibly meaning psychological technicians) at Coalinga State Hospital. They seized Plaintiff's thumb drive, which appeared to show sexual abuse of a young child. They did not have a warrant and are not hospital police, so they should not have been entitled to seize the evidence. They also took Plaintiff's property on another occasion without having a warrant. This violated hospital rules.

## IV. ANALYSIS OF PLAINTIFF'S CLAIM

### a. Rule 8

As the Court explained in its prior screening order, (ECF No. 12, pgs. 2-3), Federal Rule of Civil Procedure 8(a) requires a "short and plain statement of the claim showing that the

pleader is entitled to relief."

Plaintiff's complaint is difficult to understand. It provides very little information about what happened beyond that two defendants took a thumb drive that belonged to Plaintiff, which showed the sexual abuse of a child, without a warrant. Although Plaintiff says this violated hospital rules, he does not claim that it violated any specific state or federal constitutional right, or allege facts that would show that the right was violated.

Accordingly, the Court recommends dismissing Plaintiff's complaint on this basis for failure to state a claim. As will be described in more detail below, the Court does not recommend granting further leave to amend because Plaintiff has already been given leave to amend with information about various legal standards and further amendment appears to be futile.

### b. Fourth Amendment

Plaintiff appears to claim that Defendants improperly searched and seized his thumb drive without a warrant. Plaintiff is at Coalinga State Hospital. Its residents are primarily civil detainees.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…." U.S. Const. amend. IV.

The Fourth Amendment prohibition against unreasonable search and seizure extends to incarcerated prisoners and civil detainees. Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997) (prisoners); Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007), judgment vacated on other grounds, 556 U.S. 1256 (2009) (civil detainees). However, "'the reasonableness of a particular search [or seizure] is determined by reference to the[detention] [sic] context." Hydrick, 500 F.3d at 993 (alterations in original) (quoting Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir.1988)).

For the Fourth Amendment to apply, there must be a reasonable expectation of privacy in the place that is invaded. Espinosa v. City & Cty. of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010). "The contours of an involuntarily confined civil detainee's right to privacy in his

4

room in a secure treatment facility are unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his living area at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil confinement." <u>Warrior v. Santiago</u>, 2018 WL 827616, at *4 (E.D. Cal. Feb. 12, 2018) (collecting cases). Although Plaintiff is not a convicted criminal, "he is involuntarily serving a civil commitment term at a secure facility; he is not a free individual with a full panoply of rights." <u>Ryan v. Siqueiros</u>, 2016 WL 2898450, at *2 (E.D. Cal. May 18, 2016).

Plaintiff alleges that his property was taken without a warrant by someone other than Hospital Police. This alone does not state a claim because Plaintiff is a civil detainee without the same expectations of privacy as non-detainees. A warrant is not an absolute requirement for a search in his facility, nor is having the search done by hospital staff. Thus, merely alleging that a search was done without a warrant by hospital staff does not state a Fourth Amendment claim.

The Court finds that Plaintiff has failed to state a claim based on the Fourth Amendment. Although a more thorough analysis of the Fourth Amendment would require additional facts than contained in Plaintiff's brief complaint, the Court does not recommend further amendment for reasons described in this order.

### c. Heck Bar

Plaintiff's Second Amended Complaint does not state what happened to the evidence found on his thumb drive that showed sexual abuse of a child. However, it appears that his claim may be barred by <u>Heck v. Humphrey</u> to the extent that he is attempting to challenge an underlying conviction.

As the Court stated in its prior screening order (ECF No. 12), in <u>Heck v. Humphrey</u> the United States Supreme Court held that, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful,

will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." 512 U.S. 477, 487 (1994) (footnotes omitted). This rule "applies to SVPA [Sexually Violent Predators Act] detainees with access to habeas relief." Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005).

Plaintiff's complaint lacks details regarding what happened to the evidence. He alleges that it was seized by someone who was not authorized to "collect evidence of a crime." This suggests that that evidence was used to prove Plaintiff committed a crime. If so, he cannot challenge seizure of that evidence in this case unless he has successfully challenged the seizure in his criminal proceedings, or on appeal or through a writ of habeas corpus. Here, Plaintiff has alleged no facts suggesting that he has successfully challenged the seizure in his criminal proceedings, or on appeal or through a writ of habeas corpus.

### d. Res judicata

Plaintiff's allegations are also similar, although not exactly the same, as a complaint that was dismissed in a prior case.

In the case of Yartz v. Coalinga State Hospital, E.D. CA, Case No. 1:15-cv-00005, Plaintiff sued the same defendants, Luke Knoll and James Petterson, for searching Plaintiff's room, among other allegations. Magistrate Judge Gary S. Austin dismissed Plaintiff's claims with prejudice for failure to state a claim. (Case No. 1:15-cv-00006, ECF No. 13).

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits. Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005). Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or persons in privity with them from litigating the same claim that was raised in that action and all claims arising out of the same transaction or occurrence. See Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008); Rest.2d Judgments § 18. "The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) ). "[T]he doctrine

of [claim preclusion] 'bars all grounds for recovery which *could have been* asserted, whether they were or not, in a prior suit between the same parties...on the same cause of action.'" <u>Costantini</u> v. <u>Trans World Airlines</u>, 681 F.2d 1199, 1201 (9th Cir. 1982) *(quoting)* (emphasis added).

It is not clear if *res judicata* applies based on the brief allegations in this complaint because the facts are so sparse. But the allegations appear to overlap with allegations already dismissed in a prior lawsuit, and thus *res judicata* may be another bar to this claim.

## V. CONCLUSION AND RECOMMENDATION

The Court has reviewed the complaint and finds that it fails to state a claim under the relevant legal standards.

The Court does not recommend granting further leave to amend. Plaintiff has already amended his complaint two times in this case. He has received relevant legal standards from this Court, yet still fails to state a claim under those standards. Each of the complaints he has filed in this case involve different underlying incidents with minimal factual description. Furthermore, there are several legal principles, discussed above, that make it likely Plaintiff could not state a claim even if he were given the opportunity to allege more facts, including the <u>Heck</u> bar and *res judicata*.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983, as well as his failure to comply with a court order and failure to prosecute this action;

2. This dismissal be subject to the "three-strikes" provision set forth in § 1915(g). <u>Coleman v. Tollefson</u>, 135 S. Ct. 1759, 1763 (2015); and

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections

7

with the court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 29, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE